H. C. WATSON, Trustee, v. JOHN DOBBIN.

*Trusts and Trustees—Conditional Sale.*

An assignment of property by one to secure creditors, in which are enumerated all mortgages, liens, &c., embraces the property in a horse, the title to which had been retained by the assignor as a security for the price.

(*Miller* v. *Hoyle*, 6 Ired. Eq., 269; *Williams* v. *Teachey*, 85 N. C., 402, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of RICHMOND Superior Court, before *MacRae, J.*

The plaintiff brought this action for the recovery of a mule. The facts are stated in the opinion. Verdict and judgment in favor of the plaintiff; appeal by defendant.

*Messrs. Burwell, Walker & Tillett* and *John D. Shaw*, for plaintiff.

*Mr. Frank McNeill*, for defendant.

SMITH, C. J. The mule claimed in the action was taken in exchange for a horse that belonged to the partnership firm of J. W. & W. C. Thomas, by whom it was sold to the defendant on

a credit and under an agreement that the property in the horse should remain in the firm until the purchase money was paid. The exchange was made with their approval and consent. The purchase money or some part of it is still due.

On January 20th, 1882, the firm made an assignment to the plaintiff for the benefit of their creditors, and therein besides certain lands, conveyed subject to the claim of the separate partners to his personal property exemption, "all the goods, wares and merchandise of every kind and descrption in the store occupied by the said J. W. & W. C. Thomas in the said town of Rockingham;

Also other personal property in said store belonging to said firm;

Also all the accounts, notes, bonds, mortgages, liens, judgments, choses in action and credits of every description belonging to said J. W. & W. C. Thomas, as evidenced by the papers themselves and the books and ledgers of the said J. W. & W. C. Thomas."

The price of the horse stood as a debt against the defendant in an account on the books of the firm at the time of the assignment.

Upon the undisputed facts and findings of the jury, the only exception for us to consider is taken to the ruling of the court that the property in the horse, retained as a security for the price and incident to the debt due for the horse, passed by the assignment to the plaintiff.

Though not specifically mentioned in the enumerated articles assigned, unless included in the word "liens," it is quite manifest that the assignors intended to convey all the personal property of the firm connected with their business, and with the "credits" any article upon which a credit constituted a lien as a means of ensuring payment.

We concur in the construction put upon the instrument that its terms comprehend the property in the horse, and in the mule substituted for it.

In *Miller* v. *Hoyle*, 6 Ired. Eq., 269, it is held that the assignee of a bond, upon the principle of substitution, was entitled to the benefit of a mortgage made to secure it. An assignment of a particular claim carries with it, by implication and as an incident to the claim assigned, any collateral security which the assignor may possess, though not specially mentioned.

Burrill Assign., 139; *McHaffey* v. *Shaw*, 2 Penn., 361; *Fitzsimmon's Appeal*, 4 Penn. St., 248; *Waller* v. *Tate*, 4 B. Monc., 529; *Patterson* v. *Hull*, 9 Cow., 747.

So, this court has declared that while the legal estate in land remained in the mortgagee, the assignment of a secured debt carries with it the security afforded by the mortgage, and the assignee can enforce the trust. *Williams* v. *Teachey*, 85 N. C., 402.

Even if the legal estate in the horse did not pass, as we think it did from the clear manifestation of such intent by the assignor in the comprehensive words of description used to express it, we do not see why the plaintiff, with an equitable title and present right of possession, may not maintain the action as a means of enforcing the lien.

There is no error, and the judgment must be affirmed.

No error. Affirmed.