BRADLEY, CLARK & COMPANY v. CHARLES S. BENSON.[1]

July 22, 1904.

Nos. 13,952—(192).

**Sale—Bankruptcy of Buyer—Preference.**

Plaintiff, a wholesale dealer in agricultural implements, entered into a written contract with one Bisenius, a retail dealer in such articles, by which it agreed to ship and deliver to the latter certain articles of machinery, as they should be thereafter ordered by him, the same to be paid for in the manner and at the times specified in the contract. The contract

[1] Reported in 100 N. W. 670.

reserved in plaintiff the title and ownership of the property until paid for by Bisenius, and was executed by the parties in July, 1902. The property in question in this action was delivered to Bisenius under the contract, and he has never paid for the same. The contract was properly filed on November 9, 1903, and thereafter this action was brought to recover the property. Subsequently, on November 30, 1903, Bisenius was, upon his voluntary petition in bankruptcy, adjudged a bankrupt. The trustee appointed in those proceedings interposed an answer in the action, claiming that, as the contract under which plaintiff claims was filed within four months of the time Bisenius was adjudged a bankrupt, it constituted a preference within the meaning of the bankruptcy act, and he demanded judgment that the property be awarded to him for the benefit of the creditors of the bankrupt. It is *held:*

1. That the contract between plaintiff and Bisenius was a conditional sale of the property, the title to which remained in the plaintiff, and was valid and binding between the parties.

2. That the transaction was not intended as a preference; and the filing of the contract within four months of the date when Bisenius was adjudged a bankrupt, though signed and executed long prior thereto, did not render it such within the meaning of the bankruptcy act.

3. That the title to the property never became vested in Bisenius, and by no act of his did plaintiff obtain a preference over his creditors.

4. That the provision of the bankruptcy act declaring that, where a preference consists in a transfer of property, the period of four months shall not expire until four months after recording or registering the same, refers to transfers originally intended as preferences, or which at their inception constituted such as a matter of law.

Action in replevin in the district court for Stearns county, originally brought to recover from Michael Bisenius certain personal property in his possession under a conditional contract of sale. Subsequent to the commencement of the action Bisenius was adjudged bankrupt and defendant Charles S. Benson, as his trustee in bankruptcy, appeared and answered. From an order overruling a demurrer to the answer, plaintiff appealed. Reversed.

*C. S. Cairns,* for appellant.

*Calhoun & Bennett,* for respondent.

BROWN, J.

Plaintiff, a corporation, is a wholesale dealer in farm machinery and agricultural implements, doing business at Minneapolis. One Bisenius.

was a retail dealer in such articles doing business at St. Cloud. On July 29, 1902, plaintiff and Bisenius entered into a contract wherein and whereby plaintiff agreed to ship and deliver to the latter certain goods consisting of farm machinery of various kinds, for which Bisenius agreed to pay the prices set forth in the contract, which was in writing. The contract provided that the machinery should be shipped from Minneapolis to Bisenius at St. Cloud at such times as the same should be ordered by him during the next succeeding two years. Terms of payment were specially agreed upon, and authority to resell the property was, in effect, conferred upon Bisenius. The contract also specially provided that the title and ownership of all goods and property shipped pursuant thereto should be and remain in plaintiff, and held subject to its orders until fully paid for. Under this contract plaintiff shipped to Bisenius a large quantity of farm machinery, a portion of which Bisenius sold to purchasers; the property in question in this action being a portion of that so shipped to him, and never paid for. As stated, this contract was made and entered into in July, 1902, but it was not filed in the office of the city clerk of St. Cloud, where Bisenius resided, until November 9, 1903. It was filed on that date, and this action then brought against Bisenius to recover possession of the portion of the goods then remaining in his possession unsold; plaintiff's right of action being founded on the title reserved in it by the terms of the agreement just mentioned.

It appears that at the time of filing the contract and the commencement of the action Bisenius was insolvent, and unable to pay his debts; and he was thereafter, on November 30, 1903, upon his voluntary petition in bankruptcy, duly adjudged a bankrupt. On December 14 Charles S. Benson was appointed his trustee in the bankruptcy proceedings, and interposed an answer in this action demanding the delivery of the property to him, as such trustee, or its value. The basis of Benson's claim to the property is that, the contract between the parties, having been filed with the city clerk within four months of the time Bisenius was adjudged a bankrupt, was, in effect, a transfer of the property to plaintiff as of that date, and an unlawful preference within the meaning of the bankruptcy act. The facts are fully set forth in the answer, to which plaintiff interposed a general demurrer. The demurrer was overruled by the court below, and plaintiff appealed.

The contract under which plaintiff claims the property, so far as its provisions are disclosed by the answer (the writing itself is not before us), was a conditional sale of the property in question to Bisenius; and the contention of the trustee in bankruptcy that it was for all practical purposes an absolute sale with a reservation of a secret lien cannot be sustained. It is possible that the contract, taken and construed as a whole, would warrant that construction; but its substance as disclosed by the answer would not justify the adoption of that view. Similar contracts have been held in other states conditional sales, notwithstanding the fact that by their terms the vendee was authorized to resell the property. Osborne v. Plano, 51 Neb. 502, 70 N. W. 1124; 6 Am. & Eng. Enc. (2d Ed.) 483. The contract was valid under the law of this state; void only as to creditors and subsequent purchasers from the vendee in good faith. Section 17, c. 292, p. 543, Laws 1897, provides that every contract in which the title to goods transferred is reserved in the vendor until paid for, or until some other condition be performed, shall be void as against the creditors of the vendee and subsequent purchasers in good faith, unless the same is filed as therein provided. This contract was not filed until the lapse of more than a year after it was executed, and until that time it was void as against creditors of Bisenius and subsequent purchasers from him in good faith. The creditors referred to in this statute against whom it declares such contracts to be void are those who proceed against the property armed with legal process, and not creditors generally.

It is elementary that in assignments for the benefit of creditors the assignee of the insolvent acquires no greater right to the property and effects of the insolvent than the latter himself possessed. The assignee takes the property subject to all equities between the insolvent and his creditors. He stands in the shoes of the insolvent, with no superior rights except such as are expressly conferred by statute upon the subject of avoiding and setting aside unlawful preferences. The same rule applies in bankruptcy proceedings. The bankruptcy act does not vest the trustee with any better right or title to the bankrupt's property than belonged to the bankrupt or his creditors at the time the trustee's title accrued. Hewit v. Berlin Mach. Works, 194 U. S. 296, 24 Sup. Ct. 690. But that act, like all insolvency statutes, declares certain preferences given by the bankrupt to any of his creditors within four months

of the time he was adjudged a bankrupt invalid, and confers upon the trustee authority to effect their cancellation. In the case at bar the trustee's defense to the action must rest wholly upon the rights thus conferred, and, unless the filing of the contract within four months of the time Bisenius was adjudged a bankrupt amounted to an unlawful preference within the meaning of the bankruptcy act, the defense must fail. At the time of the appointment of Benson as trustee the contract was on file in the proper office, so the question before us narrows down to this: Whether the fact that it was filed within four months of the time Bisenius was adjudged a bankrupt amounted in law to a preference in plaintiff's favor over other creditors which the trustee may avoid. If it did, he is entitled to the property; otherwise it should go to plaintiff.

Numerous cases are cited involving the validity of chattel mortgages and other liens acquired by a creditor against the property of a bankrupt within four months of the time of filing the petition in bankruptcy, where it is held that the filing of such mortgages within the period of four months, though executed long prior thereto, amount in contemplation of law to a preference within the meaning of the bankruptcy act, and they have been adjudged invalid as against the trustee. They are treated as transfers by the bankrupt to the mortgagee, as of the date of filing in the proper office. But it occurs to us that the reasoning of those cases cannot be applied to conditional sale contracts like that here under consideration. In the case of a chattel mortgage the rights acquired by the mortgagee arise out of an act of the bankrupt, viz., the execution by him of the chattel mortgage, in legal effect a transfer of the mortgaged property to the mortgagee, and within the cases referred to effect is given to the transaction and to the act of the debtor as to creditors at the time the mortgage is filed. Bankr. Act July 1, 1898, c. 541, 30 St. 544 [U. S. Comp. St. 1901, p. 3418], in providing against preferences by the bankrupt, contemplates that the same shall arise from some act, or failure to act, on the part of the bankrupt himself. As said by Sanborn, J., in Swarts v. Fourth Nat. Bank, 117 Fed. 1, 54 C. C. A. 387: "Section 60a [30 St. 562 (U. S. Comp. St. 1901, p. 3445)] contains the legal and controlling definition of the preference specified in section 57g and the other parts of the bankrupt act. * * * But this definition of a preference was not written from the station of

the creditor, but from that of the debtor. It is not the act of the creditor, but the act of the debtor, which gives it—which produces it."

In the case at bar the bankrupt did no act by which the plaintiff acquired a preference over his other creditors; nor was plaintiff in fact a creditor of Bisenius. Under the terms of the contract between those parties the bankrupt never had title to any of the property involved in the action. The title remained at all times in plaintiff, and its election to reclaim the property under the terms of its contract extinguished any claim against the bankrupt for the purchase price. Keystone Mnfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Brother, 92 Minn. 134, 99 N. W. 784. The situation is wholly unlike that presented by the chattel mortgage cases. There the bankrupt was at the time of executing the mortgage the owner of the property, and it was by his act that the mortgagee obtained title thereto or a lien thereon, effect to which was given when filed—a final consummation of his act. In the case at bar the bankrupt was never the owner of the property, and no act on his part resulted in any benefit whatever to plaintiff. No doubt, inasmuch as the contract, in effect, authorized Bisenius to resell the property to purchasers, plaintiff would be estopped as against any such purchasers from asserting title against them. Spooner v. Cummings, 151 Mass. 313, 23 N. E. 839. And as to such purchaser plaintiff would not be heard to assert rights under the contract, but as to all property not sold the contract was valid and binding between the parties thereto, and the title remained in plaintiff. As no title ever passed to the bankrupt, and plaintiff elected to retake the property under the power conferred by the contract, it was not a creditor of the bankrupt as to the property reclaimed, and it is clear that by filing the contract it acquired no preference or advantage of any kind or nature over and above those who were creditors. If plaintiff had itself been insolvent, had filed a petition in bankruptcy, and been formally adjudged a bankrupt, unquestionably this identical property, or at least all rights possessed thereto by virtue of the contract, would have passed to its trustee. Watson v. Dobbin, 89 N. C. 107.

In re Galt (D. C.) 120 Fed. 443, is not in point. That cause involved the construction of what purported to be a conditional sale contract, but the court held that it was, in effect, a mortgage or a secret lien upon the property involved, and that the trustee in bankruptcy was entitled to the

property. What the court would have held had it been a conditional sale contract, pure and simple, does not appear; but the case was disposed of in line with the chattel mortgage cases. In re Klingaman (D. C.) 101 Fed. 690, is another case involving rights conferred by contract which amounted to mere security for the payment of a debt. As provided in the writing involved in that case, all property held thereunder, and the proceeds on the sale thereof, and all policies of insurance placed upon the property, were pledged and hypothecated as collateral security for the payment of the purchase price of the same. The case is in line with the chattel mortgage cases, and is not in point.

In the case at bar it is not alleged that the purpose of the transaction between plaintiff and Bisenius was to clothe the latter with the apparent ownership of the property, and the basis upon which to obtain credit from others, or to reserve a secret lien upon the property; nor that Bisenius in fact obtained credit upon the strength or faith in his apparent ownership. For aught that appears from the answer, the contract was entered into in good faith, and was an ordinary and legitimate business transaction, without ulterior purpose or motive.

That provision of the bankrupt act declaring that, where a preference consists in a transfer, the period of four months shall not expire until four months after the date of recording or registering the same, refers to transfers originally intended as preferences, or which, at the time of their execution, constituted such as a matter of law. The transaction here involved was not for preferential purposes, nor did it, at its inception, constitute a preference, and consequently the provision of the act referred to can have no application.

Order reversed.