## MYRICK *v.* LIQUID CARBONIC COMPANY.

1. The vendor in a conditional sale, having reserved title to the property so sold in the bill of sale, which is duly recorded, may, where the conditions of the sale have not been fulfilled so as to pass title to the vendee, assert title in an action of trover against a purchaser of the property at a bankruptcy sale, where the trustee sells the property of the bankrupt free from liens and encumbrances, it not appearing that the vendor has done any act which would estop it from such assertion of its title.

(a)   Mere failure by the vendor to claim the property or assert its title thereto would not operate as such estoppel.

(b)   Nor would the proof of an unsecured claim founded upon an open account operate as an estoppel, it not appearing that the vendor participated in the proceeds arising from the sale of the property which it sold to the bankrupt with a reservation of title in the vendor, the conditions of the sale not having been fulfilled.

DECEMBER 12, 1911.

Trover. Before Judge J. B. Park.. Baldwin superior court. December 23, 1910.

*Hines & Vinson,* for plaintiff in error.   *R. S. Wimberly,* contra.

BECK, J.   The record in this case discloses the following facts: The Liquid Carbonic Company sold to the Winebrew Company

the personal property in dispute, consisting of a carbonator, wash, and shafting, under a written contract whereby the Carbonic Company retained title until the property was paid for. This contract of purchase and sale was duly recorded. Later the creditors of the Winebrew Company forced that company into bankruptcy. The trustee in bankruptcy petitioned the court for leave to sell the entire estate of the bankrupt, free of liens. The referee in bankruptcy accordingly granted such order, and mailed to each of the creditors scheduled by the Winebrew Company a notice of the intention to sell all the assets of the estate free of liens. In addition to the property sold to the Winebrew Company on the terms above stated, the Carbonic Company was a creditor of the bankrupt company for supplies. After advertising as required by law, the trustees sold at public outcry all of the estate of the bankrupt, including the property above mentioned, title to which was retained by the Carbonic Company. The Carbonic Company interposed no objection to the sale. After this sale had been made, the Carbonic Company proved in the bankrupt court its unsecured claim for supplies, and sought to participate to that extent in any dividend to be declared from the proceeds of the sale. The Carbonic Company also proceeded by an action in trover against Myrick, who had purchased the carbonator, wash, and shafting from the trustee in bankruptcy, to recover said property, as being the property title to which was retained by the plaintiff in its contract of sale made with the Winebrew Company. Upon the trial of the trover suit the jury returned a verdict in favor of the Carbonic Company for $100 principal, and $49.00 as hire. Myrick made a motion for a new trial; and this being overruled, he excepted.

Without reference to the amount recovered by the plaintiff against the defendant, of which no complaint is made, it seems to us that no other verdict than the one returned by the jury on the trial could have been rendered under the facts of the case. The plaintiff sold the personal property in controversy to the bankrupt and reserved the title thereto until compliance with the conditions of the sale. Those conditions had not been complied with. One of the conditions was complete payment for the property, and there were instalments of the purchase-price still due. Under these circumstances the property never became the property of the bankrupt, but the title to the same was in the bankrupt's vendor, and

consequently the trustee in bankruptcy did not acquire a title thereto. The vendor in a conditional sale evidenced by a writing, and followed by timely and proper recordation, is not a mere lienor. The order authorizing the trustee to sell the bankrupt's property free from liens and encumbrances could not affect the property to recover which this suit was brought. The plaintiff was not seek ing to enforce a lien or encumbrance in his favor, but to reacl, property which had belonged to it and with the title to which it had never parted. The citation of authorities relating to the consignor of goods, or to the holder of a lien on the goods, which may be in the possession of a bankrupt at the time of the filing of a petition in bankruptcy and the adjudication of bankruptcy, is beside the purpose when the question is one of the right of the trustee in bankruptcy to sell property which had come into the bankrupt's hands under a conditional sale. So far as the rights of the vendor are concerned in the case of a conditional sale, he stands in the position of any absolute owner of property which happened to be in the bankrupt's hands at the time of the filing of the petition against the latter. The trustee in the present case possessed no greater interest in the property, nor had any better title thereto, than the bankrupt had, and the rule of caveat emptor obtains in this case as in other judicial sales. 2 Remington on Bankruptcy, § 1959.

While it is clear that the plaintiff might have asserted its title to the property while it was in the hands of the bankrupt or its trustee before the sale, it could also assert it against the purchaser at the bankrupt sale, unless it had estopped itself by its conduct from so doing. And we do not find in the record in this case, either in the evidence admitted or in that which was excluded, anything which would authorize the application of the doctrine of estoppel. The fact that after notice that the property of the bankrupt would be sold free from liens and encumbrances the plaintiff filed no objection to the sale of this property, and that it did not assert title to it before the sale, would not work an estoppel against the right to assert title against the purchaser, inasmuch as nothing in the notice indicated that this particular property would be sold,—the notice in effect being that the property of the bankrupt would be sold free from liens and encumbrances, and no adequate description of this property being given in the notice referred to. The vendor

had already, in the registry of its bill of conditional sale, given to the world all the notice which it was required to give that the property belonged to it. In this connection see Collier on Bankruptcy (7th ed.), 825.

Again, the plaintiff was not estopped by the fact that it, as a creditor of the bankrupt, had proved in bankruptcy, after the sale was made, an unsecured claim based upon an open account. There was no proof in the evidence either admitted or rejected that the plaintiff had participated in any division of the proceeds arising from the sale of the property to which it now asserts title; and the question as to what would have been the effect of its sharing in such proceeds does not arise.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding*