## R. G. NEILS v. JOHN A. BOHLSEN. HENRY TEDERS, INTERVENER.[1]

June 20, 1930.

No. 27,951.

*Paul Ahles,* for appellant.

*Theodore F. Neils,* for respondent.

[1]Reported in 231 N. W. 248.

26

WILSON, C. J.

Intervener appealed from an order sustaining a demurrer to his complaint in intervention.

In March, 1929, the intervener sold to John A. Bohlsen an automobile on a conditional sales contract note. It was not filed with the register of deeds until June 3, 1929. On May 9, 1929, Bohlsen was adjudicated a voluntary bankrupt. The trustee was appointed May 23, 1929. On June 20, 1929, he commenced this action in replevin against Bohlsen to get possession of the automobile. Appellant intervened. He alleged the foregoing facts in his complaint and further that on May 9, 1929, and since there was a default in the conditional sales contract note.

The demurrer to the complaint of the intervener raises the issue of law as to whether plaintiff or the intervener has the superior right to the automobile.

The trustee in bankruptcy, as to all property in the custody or coming into the custody of the bankrupt court, is deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankrupt court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. Bankruptcy act, § 47a(2), 11 USCA, § 75(a-2).

What are the rights of a creditor holding a lien by legal or equitable proceedings? Such unfiled conditional sales contract note is void as to creditors of the vendee. G. S. 1923 (2 Mason, 1927) § 8360. The term "creditors" as used in the statute does not mean creditors generally, but creditors who seize property under a legal process. Clark v. B. B. Richards Lbr. Co. 68 Minn. 282, 71 N. W. 389; Bradley, Clark & Co. v. Benson, 93 Minn. 91, 100 N. W. 670; Singer v. Farmers State Bank, 166 Minn. 327, 207 N. W. 631.

The existence of lien creditors is no longer controlling. Now the trustee is himself in the position of a lien creditor as a matter of law. That is his legal status.

It follows that the unfiled conditional sales contract note was void as to plaintiff. His status is fixed as of the time of filing the

petition. Bailey v. Baker Ice Machine Co. 239 U. S. 268, 36 S. Ct. 50, 60 L. ed. 275; In re Federal Contracting Co. (C. C. A.) 212 F. 688.

We must not be misled by decisions made prior to the June 25, 1910, amendment to § 47 of the bankrupt act. See York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. ed. 782; In re Farmers Co-op. Co. (D. C.) 202 F. 1005; Myrick v. Liquid Carbonic Co. 137 Ga. 154, 73 S. E. 7, 38 L.R.A.(N.S.) 556; Ann. Cas. 1916A, 1262; 9 Minn. L. Rev. 57; 34 Yale L. J. 891; 3 R. C. L. 222; In re Pittsburg-Big Muddy Coal Co. (C. C. A.) 215 F. 703; In re Calhoun Supply Co. (D. C.) 189 F. 537; In re O'Brien (D. C.) 215 F. 129.

■ The bankrupt did not list this automobile as one of his assets, but he did call attention to it under schedule B-2, subd. G, entitled "Carriages and other vehicles," thus: "A rented car to which petitioner has no title." The claim is that he thus "exploited" the conditional sales contract note within the doctrine of In re Golden Cruller & Doughnut Co. Inc. (D. C.) 6 F. (2d) 1015. The doctrine of the Golden case has been repudiated, In re Holley (D. C.) 25 F. (2d) 979, and we think rightfully so. See also In re Douglas Lbr. Co. (D. C.) 2 F. (2d) 985.

■ The claim that the automobile was not in the custody of the bankrupt court because it was not listed in the schedules as an asset is untenable. The filing of a petition in bankruptcy brings all property held by the bankrupt within the custody of that court, and upon adjudication that court is vested with jurisdiction thereover. Bankruptcy act, § 70, 11 USCA, § 110(a-5). See In re Bazemore (D. C.) 189 F. 236.

As to the claim that the statute is harsh, we can only say that any recording statute may occasionally seem to operate harshly. From a practical standpoint few persons will go into bankruptcy before a vendor has time to file his conditional sales contract note, as his own interest requires.

Affirmed.