### In re WILLIAMS.

### ROBIE et al. v. MINNEAPOLIS–MOLINE POWER IMPLEMENT CO.

District Court, D. Minnesota, Fifth Division.
June 24, 1932.

See, also, 53 F.(2d) 486.

A. R. Smythe, of Duluth, Minn., for the trustees.

Courtney & Courtney, of Duluth, Minn., for respondent.

CANT, District Judge.

In this proceeding, the trustees of the bankrupt presented to the referee in bankruptcy a petition for an order requiring respondent, Minneapolis-Moline Power Implement Company, a corporation, to return to said trustees certain personal property consisting of farm machinery and farm implements which formerly belonged to said bankrupt, and which said trustees claimed had been wrongfully taken into the possession of said respondent. The prayer, in the alternative, was that, if said property could not be restored to the trustees, the latter recover the value thereof. The referee, by order, denied such petition. The matter is here on review.

In the spring of 1930, respondent sold to Williams, now bankrupt, and who was engaged in business at Mora, Minn., the property referred to. The transactions with respect thereto took the form of what is known as conditional sales contracts, whereby, in form, title was reserved in said respondent. The transactions were had in the state of Minnesota, and the property was delivered to Williams in that state. The sales contracts were not filed in any public office.

At all times herein referred to, the said Williams was insolvent and was so known to be by said respondent and by Grahek Hardware Company hereinafter referred to.

On May 22, 1930, Williams, then in possession of such property, gave to respondent a chattel mortgage thereon which mortgage was for the purpose of securing certain notes given by Williams as evidence of the unpaid part of the price agreed upon at the time the property was delivered to him.

On May 23, 1930, Williams transferred the property in question to Grahek Hardware Company, a corporation of Mora, Minn., for the benefit of Williams' creditors.

On June 16, 1930, an involuntary petition in bankruptcy was filed against said Williams. At such time Grahek Hardware Company was in possession of the property in controversy.

On June 21, 1930, respondent instituted an action, in the district court for the county of Kanabec, in the state of Minnesota, for the purpose of recovering possession of the property in question. Such action was in aid of proceedings to foreclose the chattel mortgage on such property.

On July 2, 1930, Williams was adjudicated a bankrupt. On July 3, 1930, the property here involved was delivered to the respondent by the sheriff of said Kanabec county, pursuant to a writ of replevin which had been issued in the action above referred to.

On July 15, 1930, such property, at chattel mortgage sale, was sold to respondent for the sum of $894.

The question for determination is, Who had a right to the property referred to—the respondent or the trustees? The respondent claimed under the chattel mortgage, and especially under that clause thereof which gave it a right to take possession of the property if it deemed itself insecure. There is no doubt that in good faith it felt insecure. The trustees claimed by virtue of the bankruptcy proceeding.

The rights, remedies, and powers provided for in Bankruptcy Act, § 47a, 11 U. S. C. § 75 (a), 11 USCA § 75 (a), are subject to any other already existing lien or claim against the property involved in any particular case. The statute does not assume to interfere with rights already vested.

The question then, somewhat narrowed, is whether at the time of filing the petition in bankruptcy herein, respondent had a valid lien under the chattel mortgage upon the property here involved.

This involves some consideration, first, of the rights, if any, in said property, which were retained by respondent under the sales contracts with the bankrupt whereby the possession of the property was transferred to the latter; and, second, of the rights, if any, which respondent acquired under the chattel mortgage. The conditional sales contracts, through failure to file, were not rendered void generally by the Minnesota Statute. General Statutes, Minnesota, 1923, § 8360. They

**132**

were void only as against creditors who should acquire a lien thereon by seizure of the property before the filing of the contracts. Bradley, Clark & Co. v. Benson, 93 Minn. 91, 94, 100 N. W. 670; Neils v. Bohlsen, 181 Minn. 25, 26, 231 N. W. 248. See, also, Bradley v. Robie, 266 F. 884 (C. C. A. 8).

So long as the conditional sales contracts were in force, and that was up to the time of the delivery of the chattel mortgage, no such lien had attached. As between the parties thereto, the contracts were valid. They were valid as to all the world because there was no creditor in existence who was in a position to say that they were not.

 As between respondent and Williams, and up to the time that the chattel mortgage was delivered on May 22, 1930, the former had a right to retake possession of the property in question. If it had done so, this would not have been a transfer by Williams. Bradley, Clark & Co. v. Benson, 93 Minn. 91, 94-96, 100 N. W. 670. On that day, it relinquished its ownership of such property and in consideration therefor, it accepted a chattel mortgage thereon. Thereafter it could not claim to own the property unqualifiedly, but it had paid full value for the chattel mortgage. The Bankruptcy Act, section 60a and section 60b, 11 U. S. C. § 96 (a, b), 11 USCA § 96 (a, b), does not condemn transfers which are made upon full consideration. In such cases, no preference is involved. The statute aims at and condemns preferences. Here, no preference was obtained. After the giving of the chattel mortgage, neither Williams nor respondent was any better or any worse off financially than before such mortgage was given. This was true also of each creditor whom Williams owed.

The property here involved, being held by the Grahek Company for the benefit of Williams' creditors only, is deemed to have been in possession of the bankrupt at the time the petition in bankruptcy was filed. May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870; Gamble v. Daniel (C. C. A.) 39 F.(2d) 447; In re Diamond's Estate (C. C. A.) 259 F. 70; In re Williams (D. C.) 53 F.(2d) 486, 18 A. B. R. (N. S.) 716, 719. It therefore passed into custodia legis upon such filing. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841; Lazarus, Michel & Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305; Acme Harvester Co. v. Beekman Lumber Co., 221 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Imperial Assurance Co. v. Livingston (C. C. A.) 49 F.(2d) 745, 74 A.

L. R. 1336; Farmers' & Mechanics' National Bank v. Wilkinson (C. C. A.) 295 F. 120; In re Williams (D. C.) 53 F.(2d) 486, 18 A. B. R. (N. S.) 716, 719, 720.

Under the case of Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645, the chattel mortgage should not have been foreclosed as was done in this case. Respondent's rights, under the mortgage, or otherwise, should have been litigated in and determined by the bankruptcy court; but conceding that the foreclosure of the chattel mortgage was irregular, the real and underlying question, as hereinbefore stated, is whether, under the chattel mortgage, respondent had a right to the property here involved, and that question was for determination de novo before the referee, irrespective of other proceedings already had, whether regular or not.

There are no equitable considerations which take the case out of the foregoing rules. The course of conduct as between respondent and the bankrupt was not inconsistent at any time with the claims which the former now makes. Under the findings of the referee, no person extended credit to the bankrupt in reliance upon any apparent ownership by him of the property in question, and the respondent, throughout, acted in good faith. All findings of fact made by the referee, or necessarily involved in the determination announced by him, were justified by the evidence.

The order of the referee was correct and should be affirmed.