## 47023.   WALDRIP v. ASSOCIATES FINANCIAL SERVICES COMPANY, INC.

BELL, Chief Judge. This is a trover suit brought by the holder of title retention sale contracts for the recovery of two mobile homes. The case was tried by the judge on an agreed statement of facts. The plaintiff having elected to take the value of the property was granted a money judgment.

The mobile homes were originally purchased by two third parties. At the time of the original sale the purchasers executed security agreements in which titles to the vehicles were expressly retained by the sellers until the purchase price had been paid. The contracts were assigned to the plaintiff. A Georgia certificate of title on each vehicle was issued showing title in the purchasers and the plaintiff's security interest was recorded thereon. Thereafter both vehicles were sold by the third party purchasers to the defendant who took possession. At the time of the re-sale each original purchaser transferred all his title and interest to the defendant, guaranteeing the mobile homes to be free and clear of all liens with the exception of the lien of the plaintiff. The parties agreed that the value of the two mobile homes was $7,167.81 which was equal to the balance due on the two security agreements. The defendant on unknown dates tendered a monthly instalment payment due on these contracts on three separate occasions but payment was refused by the plantiff. *Held:*

The defendant contends that he had acquired legal title to the vehicles by the sale to him from the original purchasers. We do not agree. He acquired no title from his vendors because they had none to give him. The fact that the Georgia certificates of title were issued to the original purchasers will not change the result as the certificates are only prima facie evidence of title. *Code Ann.* § 68-411a (c). This prima facie evidence of title is negated by the terms of the security agreements retaining title in the plaintiff until the full time balance has been paid. The stipulated facts show that a balance was still outstanding and due. In this posture no title could pass. Thus, the tenders by the defendant are of no importance in this case.

It has been repeatedly held that when personal property is sold under a contract by which the vendor retains the title until the purchase money is paid and where, without payment, the purchaser resells it to another who takes

possession, there is a conversion and the vendor can maintain a suit in trover against the second purchaser. *Sims v. James,* 62 Ga. 260; *Ezzard v. Frick & Co.,* 76 Ga. 512; *Myrick v. Liquid Carbonic Co.* 137 Ga. 154 (73 SE 7, 38 LRA (NS) 554); *Elder v. Woodruff Hardware & Mfg. Co.,* 9 Ga. App. 484 (71 SE 806). See Annot. 73 ALR 799.

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*
SUBMITTED MARCH 7, 1972—DECIDED JUNE 27, 1972.

*Robinson, Buice, Harben & Strickland, Frank Strickland, Jr.,* for appellant.
*Howard P. Oliver,* for appellee.