SOUTH OMAHA PRODUCTION CREDIT ASSOCIATION, APPELLEE,
v. TYSON'S INC., APPELLANT.

204 N. W. 2d 806

Filed March 2, 1973. No. 38629.

O'Hanlon & Martin, for appellant.

Anderson & Anderson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action to recover the value of property, subject to security agreements, which was purchased by defendant at a farm sale but not paid for. Summary judgment for plaintiff was entered in the district court. We affirm that judgment.

Plaintiff had security agreements filed October 25, 1965, and March 13, 1970, covering all livestock, feed, crops, farm machinery and equipment, and the proceeds thereof, belonging to Terry and Diane Uhing, hereinafter referred to as the debtors. On March 8, 1971, defendant obtained a judgment against Terry Uhing under which an execution was levied upon the debtor's property covered by the security agreements. The debtors had, prior to the levy of execution, agreed with plaintiff that they would have a farm auction sale to clear up their indebtedness and had made arrangements for the sale which was to be clerked by the Burt County State Bank. On March 8, 1971, defendant's attorney ·prepared an agreement directed to the bank authorizing it to pay out of the proceeds of the sale, as "first priority," the sum of $38,356.73, with interest, to plaintiff; as "second priority," the net sale proceeds of a combine and cornhead to Massey-Ferguson Company on an indebtedness of from $5,000 to $6,000; as "third priority," the sum of $7,761.15, with 6 percent interest from March 8, 1971, to defendant; and as "fourth priority," the sum of $709.61 to Anderson & Anderson. This was approved by plaintiff's attorney and signed by Terry Uhing. Defendant's execution was then released. At the farm sale defendant bid in and removed certain property covered by plaintiff's security agreements. The amount bid was $5,940. It has not been paid. Proceeds of the sale received by plaintiff left a deficit owing plaintiff in excess of the sum of $5,940. Plaintiff seeks to recover the amount bid by defendant.

Defendant contends that a summary judgment should not have been entered because all genuine issues as

to material facts had not been resolved.   Perusal of the record discloses that this contention is without merit.

A question is raised as to whether plaintiff can maintain the action as the real party in interest.   Ordinarily, one who acquires, by purchase or otherwise, property subject to a perfected security interest, the sale or transfer of which has not been authorized or consented to by the holder of the security interest, is liable in trover or conversion for the value of the property or the amount paid.   See, § 9-306 (1), (2), U. C. C.; United States v. Pete Brown Enterprises, Inc., 328 F. Supp. 600; Doenges-Glass, Inc. v. General Motors Acceptance Corp. (Colo.), 488 P. 2d 879; Waldrip v. Associates Financial Services Co., Inc., 126 Ga. App. 560, 191 S. E. 2d 302; United States v. Pirnie, 339 F. Supp. 702.   Section 9-306 (1), U. C. C., provides:   " 'Proceeds' includes whatever is received when collateral or proceeds is sold, exchanged, collected or otherwise disposed of.   The term also includes the account arising when the right to payment is earned under a contract right."   On failure of defendant to pay for the property purchased an account arose which is designated as "proceeds."   See, also, Farnum v. C. J. Merrill, Inc. (Me.), 264 A. 2d 150.

It is asserted that the sale was authorized by plaintiff and is therefore a valid sale in which the purchaser takes free of the security interest.   This is partially correct.   It was the understanding between plaintiff and the debtors that a public sale would be held and the proceeds applied to the payment of the indebtedness.   The security interest also covered proceeds.   Defendant was a party to this understanding as evidenced by the written authorization given to the bank clerking the sale in regard to the priority of liens.   When defendant refused to pay for the property it bid in, it became guilty of a conversion.   Defendant was well aware that plaintiff had not released its security interest and that its consent to the sale was conditioned upon payment of the sale price of the items purchased.

Defendant was not a buyer in the "ordinary course of business" under section 9-307 (1), U. C. C. As mentioned in comment 2, this ordinarily contemplates a purchase from inventory. Section 1-201 (9), U. C. C., provides: " 'Buyer in ordinary course of business' means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker." As hereinbefore pointed out, the security agreement also covered as "proceeds" the account arising on failure of the defendant to pay for the items purchased and defendant has no grounds for an offset against the holder of the security interest.

The judgment of the district court is affirmed.

AFFIRMED.