THE SINGER SEWING MACHINE CO. v. HOLCOMB.

| 40 | 33 |
| 80 | 98 |
| 40 | 33 |
| 89 | 169 |
| 40 | 33 |
| 102 | 40 |
| 40 | 33 |
| 127 | 713 |

1. **Sale of Personal Property:** LEASE: EVIDENCE. A written contract of lease of a sewing machine provided for the payment, within a certain specified time, of an amount equal to the value of the machine. Parol evidence was held admissible to show that, upon compliance with the conditions of the lease, the title vested in the lessee.

2. ———: ———: MUST BE RECORDED. Such a contract must be recorded to be valid against a subsequent purchaser or creditor.

*Appeal from Marshall District Court.*

MONDAY, OCTOBER 26.

ACTION of replevin for a sewing machine, of which plaintiff claims to be the owner. Defendant alleges that L. and N. H. Beard were the owners of said machine by purchase from plaintiff, and that on the 30th day of October, 1872, they purchased a stove and furniture of defendant for $32.25, upon which there is now due $27.25, and that they transferred said machine to defendant as a security for the indebtedness; and that the machine so remained in defendant's possession until it was taken by plaintiff under the writ of replevin.

The cause was tried by the court, who found that the defendant was entitled to the possession of the machine, and that the value of his interest was $27.35. Plaintiff appeals.

*Brown & Sears*, for appellant.

*Parker & Rice*, for appellee.

DAY, J.—Upon the trial the following instrument was admitted in evidence.

"This agreement, made this sixteenth day of August, 1872, between the Singer Manufacturing Company, of the first part, and ——— ———, of Marshalltown, county of Marshall, State of Iowa, of the second part, witnesseth: That the party of the first part, in consideration of the agreements hereinafter mentioned, to be kept and performed by the party of the

second part, let and rented to the party of the second part one Singer Sewing Machine, being No. 537,929, for and during the term of ten months from the day and date hereof.

And the said party of the second part, in consideration of the leasing of said sewing machine by the said, the Singer Manufacturing Company, to the party of the second part, agrees to pay to the said, the Singer Manufacturing Company, at their office in Marshalltown, Iowa, as rent for the said sewing machine, the sum of seventy-seven dollars, as follows: Twenty-seven dollars upon the signing of this lease, twenty dollars the twenty-fifth day of December, 1872, twenty dollars in April, 1873, and the balance in May, 1873.

And the said party of the second part covenants with the said party of the first part, that he has received said sewing machine in good order and condition, and that, at the termination of this lease by forfeiture, —— —— will deliver up the possession of said machine to the said party of the first part, in as good condition as when the same was received, ordinary wear excepted.

It is further agreed by the said party of the second part that —— will not underlet, or assign this lease, remove, nor permit to be removed, said machine from house No. —, —— street, in said —— State of ——, without the written consent of the party of the first part.

It is expressly understood and agreed by and between the parties aforesaid, that if the rent above agreed to be paid, or any part thereof shall be unpaid on the day agreed upon, as aforesaid, or if default shall be made in any of the agreements or conditions herein contained, to be kept by the party of the second part, then in that case said lease shall be forfeited and ended, without notice, at the election of said, the Singer Manufacturing Company, their agent or agents; and they, or either of them, may, without process of law, take possession of the said sewing machine, and for that purpose may enter any of the premises of the said party of the second part, to search for or obtain said machine, using such force as may be necessary in so doing; and the party of the second part hereby waives any trespass or any right of action for damages which

he might or could have against the party of the first part, or their agents, by reason of party of first part, or their agent, procuring or attempting to procure possession of said machine, after forfeiture as aforesaid, and the said party of the second part agrees to pay all costs, expenses, fees, etc., of every kind which may or can arise or accrue to said party of the first part by reason of forfeiture as aforesaid."

Plaintiff admits that L. and N. H. Beard paid cash $27.00 when the machine was delivered to them, and the above contract was made. That they bought a cooking stove of defendant, on which there is due and unpaid $29.35. That they told defendant they were the owners of the said machine, and had paid for it. That defendant refused to let Beard and wife have the stove until they put the machine in defendant's possession as security. That the Beards were in the full and actual possession of the said machine at the time it was delivered to defendant; that the instrument or lease in question was not recorded; and the defendant had no knowledge of its existence.

Defendant called I. N. Rhodes, agent of plaintiff for the sale of sewing machines, who, against the objection of plaintiff, testified as follows: "The machine was worth $70.00 at the time of sale. I am acquainted with the instrument or lease as used by plaintiff. It is used for the purpose of selling and disposing of machines. The amounts or installments named in the instrument are the purchase price of the machine, and when paid the machine belongs to the purchaser. These contracts are taken when sales are made to parties not considered good, without security; the contract holding the machine as security for the unpaid purchase money. The plaintiff having no right to the return or possession of the machine, except upon forfeiture by failing to comply with terms named in the contract. I was not present when the machine was sold. I did not sell it."

Appellant assigns as error the admitting of this testimony and the entering of judgment for the defendant.

No objection is urged to the proof of the value of the

machine. The remainder of the testimony is objected to upon the ground that it tends to contradict and explain the written contract. The rule as expressed in 1 Greenleaf, Section 275 is that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. The rule is directed only against the admission of any other evidence of the *language* employed by the parties in making the contract, than that which is furnished by the writing itself. The writing, it is true, may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties, but, as they have constituted the writing to be the only outward and visible expression of their meaning, *no other words* are to be added to it, or substituted in its stead." Ib. Section 277. Such being the scope and purpose of the rule rejecting parol evidence, to contradict or vary a valid written instrument, it seems to us that the rule was not infracted by proof that the contract in question is used for the purpose of selling and disposing of machines, and is taken when sales are made to parties not considered good without security. This proof does not substitute, in the contract, a word for one employed, nor does it add to the language used. It merely shows the circumstances surrounding the execution of the contract. Such contracts are taken when certain conditions exist, to-wit: when a sale is made to one not good without security. Nor does it violate the rule to show that when the instalments named in the contract are paid, the machine belongs to the purchaser. This is a result which is entirely outside of the provisions of the written agreement. It stops short with declaring the consequences which shall result from a failure to pay the instalments of rent as they mature. In that event the Singer Manufacturing Company may take possession of the machine without process of law. But suppose no default is made and all the payments are paid at maturity. May the Singer Manufacturing Company nevertheless, at the expiration of the term, in this case ten months, without process of law enter any of the premises of the party of the second part to search for the machine, using such force as may

be necessary in so doing, and take possession of the sewing machine? As to that the contract is silent.

Suppose the facts of this case to be different, that the ten months for which the machine was leased had elapsed, that all the payments, amounting to $77.00, $7.00 more than the established value of the machine, had been paid at maturity, and that then plaintiff had instituted an action of replevin for the machine, claiming it because of the expiration of the term of the lease. Must plaintiff recover notwithstanding the fact that more than the value of the machine has been paid? Under such circumstances would not parol evidence be admissible to show what was to be the result or consequence of such payment? Is it not apparent that the whole contract has not been reduced to writing? That one class of circumstances has been provided for, and respecting the other there is an utter silence? The rule in question does not apply "in cases where the original contract was verbal and entire, and a part only of it was reduced to writing." 1 Greenleaf on Evidence, Section 284 *a.* Let all the remainder of the testimony of the witness, Rhodes, respecting the effect of the instrument under consideration be rejected, and our attention directed to a construction of the contract in question, in the light of the evidence above considered, and which we hold to be competent. If the construction which the court adopted is correct, considering the contract itself, and the competent evidence, it is apparent that the admission of the remainder of the testimony, if error, was error without prejudice.

We have then a contract, renting a Singer sewing machine of the value of $70.00, to L. and N. H. Beard for ten months, for

2. ——: ——: the consideration of $77.00, twenty-seven dollars
must be re-
corded.          thereof payable upon signing the lease, which was August 16, 1872, twenty dollars payable December 25th, 1872, twenty dollars payable in April, 1873, and the balance in May, 1873, and providing that upon default of making any of said payments, the Singer Manufacturing Company may take possession of the machine without process of law. We have proof, also, that upon making the payments stipulated the machine was to become the property of the lessees. The legal

effect of the entire contract is that the transfer of the title to the Beards is made to depend upon a condition, namely, the payment of the stipulated sums as they mature. Section 1922 of the Code, Ch. 63, 14th General Assembly, provides: "No sale, contract, or lease, wherein the transfer of title or owner-ship of personal property is made to depend upon a condi-tion, shall be valid against any creditor or purchaser of the vendor, or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendee or lessor, acknowledged and recorded the same as chattel mortgages." It is conceded that this instrument was not recorded, and that the defendant became a creditor of the Beards whilst they were in the full and actual possession of the machine, and without notice of the condition attached to the possession. This condition, therefore, is not valid against the defendant. His possession of the machine as a security for his debt was lawful, and the court did not err in giving him judgment for the value of his interest therein.

AFFIRMED.