THE MOLINE PLOW CO. v. BRADEN.

1. **Sale:** CONDITIONAL: MORTGAGE TO THIRD PARTY WITHOUT NOTICE: CODE, § 1922. Where one had possession of personal property under a conditional sale to him, whereby the title remained in the vendor until payment was made, and the contract under which he held was not acknowledged or recorded, ( Code, § 1922,) and he mortgaged the property to a third party who had no actual notice of the condition of the title, *held* that the mortgagee's title was superior to that of the vendor.

2. ———: ———: ———: WHAT IS NOTICE. In such case, if the mortgagee had such notice as to put him on inquiry, then he had actual notice. If he did not have such notice, negligence on his part in failing to make inquiry was immaterial, unless, possibly, it amounted to fraud.

3. **Evidence:** NOT RELEVANT TO ISSUES. It is error to admit evidence on a point not put in issue by the pleadings.

*Appeal from Polk Circuit Court.*

TUESDAY, MARCH 8.

ACTION to recover specific personal property. Trial to a jury, who, under direction of the court, and by consent of the parties, found a special verdict. On such finding the plaintiff moved the court for judgment, and the intervenor moved the court to set aside a part of the special findings, because the same were immaterial and against the evidence. The former motion was sustained, the latter overruled, and judgment rendered for the plaintiff. The intervenor appeals.

*W. S. Sickmon,* for appellants.

*Macy, Sweeney & Sherman,* for appellee.

SEEVERS, J.—This action was commenced against the defendant, Braden, and the petition and amendment thereto state that the plaintiff is the absolute and unqualified owner of the property therein described, and is entitled to the possession thereof; that the alleged cause of detention is that the defendant purchased the property of the plaintiff, which the latter denies, and it is stated " that a portion of the

property was left with defendant, subject to the order of the plaintiff, and that the balance of said goods were left with the defendant for sale under and by virtue of the certain contract of the plaintiff and defendant, and hereto attached, marked "Exhibit A." The contract referred to is in the form of an order, signed by the defendant, and accepted by the plaintiff, by the terms of which the plaintiff, in substance, is directed to ship certain goods, consisting of agricultural implements, to the defendant, upon certain named terms as to the price; one-fourth of which was to be paid on July 1, 1882, and the balance at certain named times thereafter. The defendant agreed in the contract to turn over to the plaintiff "farmers' notes due not later than October 1, 1882, and January 1, 1883, as collateral security to his notes." It is further provided in the contract "that the ownership of all goods furnished on this contract, or their proceeds, shall be vested in Moline Plow Company until final settlement and payment shall be made for the same."

The intervenor, claiming to be interested in the subject-matter of the controversy against both plaintiff and defendant, pleaded that in January, 1883, the defendant was in the full and undisputed possession of the property, and, being indebted to the intervenor, executed a mortgage thereon to secure such indebtedness; that at that time the intervenor had no notice, actual or constructive, of said contract, and that the same had never been acknowledged and recorded. The defendant adopted the intervenor's petition as his answer.

I. Under the pleadings, it becomes material to inquire and determine what are the rights of the parties under the contract, and what is the character and legal effect of such instrument. It is and must be regarded as a conditional sale of at least a large portion of the property in controversy; the condition being that the ownership of the property should not

1. SALE: conditional: mortgage to third party without notice: Code, § 1922.

vest in the defendant until it was paid for. Until then the contract provides the property shall belong to the plaintiff. But, as between the plaintiff and intervenor, this portion of the contract is inoperative, and must be disregarded, because it is provided. by statute that " no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition; shall be valid against any creditor or purchaser of the vendee or lessee in actual possession, obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages." Code, § 1922. As the defendant had possession of the property under a contract or conditional sale, which was not acknowledged and recorded, and as the jury found the intervenor had no notice of such contract and sale, the same, as to the intervenor, must be regarded as invalid; and therefore the court erred in rendering judgment on the special findings for the plaintiff. *Singer S. M. Co. v. Holcomb,* 40 Iowa, 33; *Pash v. Weston,* 52 Id., 675; *Thorpe v. Fowler,* 57 Id., 541.

II. The intervenor moved the court to set aside the special finding that it could have obtained knowledge of the

2. ——: ——: contract by the exercise of due diligence. This
  ——: what
is notice. motion should have been sustained. Under the statute, there must be either actual or constructive notice. In *Warner v. Jameson,* 52 Iowa, 70, there was actual notice. When the instrument is duly recorded, there is constructive notice of its contents. The statute does not require any person whose rights may be affected to make inquiry, or to use diligence to ascertain what the fact is. If there is neither actual nor constructive notice, the sale is invalid as to creditors or purchasers of the party in possession of the property. If the creditor has such notice as to put him on inquiry, then he has actual notice. If he does not have actual notice, negligence on his part in failing to make inquiry is immaterial, unless, possibly, it amounts to fraud.

III. Evidence was introduced, against the objection of the intervenor, tending to show that the defendant held pos-

**3. EVIDENCE:** *not relevant to issues.* session of the property under some other right than under the contract. In so holding the court erred, for the reason that there was no such issue. As we understand the pleadings, it should, under the statements in the petition, have been regarded as a conceded fact that defendant was in possession of a large portion of the property under and by virtue of the contract therein referred to.

The judgment of the circuit court is

REVERSED.