AMERICAN LAUNDRY MACHINERY COMPANY, Appellant, v. EVERYBODY'S LAUNDRY et al., Appellees.

**PLEADING:** Issues—Admissions—"Duly Recorded." Where the petition alleged facts showing that a conditional sale contract

was "*duly filed for record,*" an admission in the answer formally admitting this allegation, was a concession that it was *properly recorded,* and so executed as to make it eligible for record, and eliminated the question of constructive notice.

**PLEADING:** Issues—Conclusion of Law—"Faulty and Illegal Acknowledgment." Allegation in an answer that a contract was improperly recorded because of its faulty and illegal acknowledgment, but without any statement of *facts* constituting the fault or illegality complained of, stated a legal conclusion, and raised no issue of fact upon any other allegation of the petition.

**SALES:** Conditional Sales — Recording Acts — Acknowledgment. Where plaintiff's salesman was authorized to make a conditional sale contract in his *own name,* and signed it in his own name, and was, as far as the purchaser was concerned, a principal in the contract, and his acknowledgment to the contract, as shown by the certificate, was as "his own act and deed," the certificate of acknowledgment was sufficient, under Section 2959, Code, 1897, although, in addition to his signature, the contract had the stamped signature of the plaintiff.

**SALES:** Conditional Sales—Recording Acts. A conditional sale of personal property is valid between the vendor and purchaser; but, to be valid against execution and attaching creditors and purchaser without notice, it must, under Section 2906, Code, 1897, be evidenced by a written instrument acknowledged like conveyances of real estate, and filed for record.

**BANKRUPTCY:** Liens and Priorities—Unrecorded Conditional Sales. An assignee or trustee is not a *purchaser,* within Section 2906, Code, 1897, providing that, to be valid against execution and attaching creditors and *purchasers* without notice, conditional sales contracts must be recorded; and the claim of a vendor under an unrecorded conditional sales contract is superior to that of the assignee, or the trustee in bankruptcy, both under the state law and the Federal Bankruptcy Act.

**BANKRUPTCY:** Liens and Priorities—Conditional Sales—Notice of Trustee from Schedules. Where the bankrupt, in his schedules filed, listed property as being secured by conditional sale contract, a trustee thereafter appointed could not be heard to profess ignorance or assert a claim superior to the contract because of the absence of actual or constructive notice of the contract.

*Appeal from Black Hawk District Court.*—George W. Dunham, Judge.

March 18, 1919.

On August 14, 1915, the plaintiff, a dealer in laundry machinery, entered into a contract for the conditional sale of certain machinery to one Wilson, doing business under the name of Everybody's Laundry, such machinery to be shipped to the purchaser, at Waterloo, Iowa, but the title to and the ownership of the same to remain in the seller until the agreed price, $2,642.50, was paid. The terms of the conditional sale, as proposed, were reduced to writing, signed by Everybody's Laundry Company and by the plaintiff, American Laundry Machinery Company, and C. F. Noftzger, salesman. This writing was acknowledged by the said Noftzger and placed on record in the office of the recorder of Black Hawk County. The machinery was shipped to and received by the Everybody's Laundry, and kept in its place of business in Waterloo.

In May, 1917, while having the machinery in its possession, under the terms of the said contract, and while there still remained unpaid upon the purchase price a remainder of $1,459.61, the purchaser was adjudged a bankrupt, and one F. P. Ballon was appointed trustee of the estate in the bankruptcy proceedings. In the list of creditors filed by the bankrupt in said proceedings, there was included the name of the American Laundry Machinery Company, as a creditor to the amount of $1,459.61, and in the "description of securities" for said debt, there was a written statement, "Conditional sales contract securing notes." The trustee declining to recognize the plaintiff's right to a lien on the machinery for the unpaid amount of the debt, this action was brought by plaintiff to establish its said claim. After the action was begun, and before the matter came up for hearing, the trustee, by agreement with the plaintiff, sold the property, and the proceeds thereof have been preserved and brought into court, to be disposed of according to the

rights of the parties as they shall finally be determined and adjudged herein.

Trial was had and the case submitted for decision upon the pleadings filed and a stipulation of facts. The court found for the defendants, and the plaintiff appeals.—*Reversed.*

*Paulson & Wood,* and *Nourse & Nourse,* for appellant.

*Williams & Clark,* for appellees.

WEAVER, J.—In addition to the matters set forth in the foregoing statement, the truth of all of which is conceded, it should be said that the petition in Paragraph 4 thereof alleges that the written order or contract of conditional sale "was duly filed for record in the recorder's office of Black Hawk County, Iowa," and this allegation is formally admitted in Paragraph 4 of defendants' answer.

In a subsequent paragraph, however, it is alleged "that, on account of the faulty and illegal acknowledgment" of said instrument, it "was improperly recorded, it was not entitled to record, and it imparted no notice to anyone of plaintiff's alleged rights;" but such allegation is accompanied by no explanation or statement of the fact or facts relied upon as rendering the acknowledgment "faulty" or "illegal."

It is also stipulated that Noftzger, whose name is subscribed to the contract and who acknowledged the execution, "had full authority from the plaintiff to sign the conditional sales contract in the way he signed this contract, and full power and authority to acknowledge this signature in the form and manner shown by the instrument," also "full power and authority" to sell said property, either for cash or upon conditional contracts, and to enter into said contracts "either in the name of the plaintiff or in his own name;" but this concession is made with

reservation to the defendant of the right to object to the admissibility of such facts in evidence.

The stipulation further shows that the purchaser was adjudged a bankrupt on May 18, 1917, and that the defendant was appointed trustee in such proceedings on June 1, 1917; and it is agreed that, "previous to such appointment, he had no actual notice of plaintiff's claim;" and there is no evidence that, prior to such date, the creditors of the bankrupt had any actual notice thereof.

In discussing the plaintiff's petition, and confirming the defendants' claim to priority, the trial court based its ruling upon the theory that the acknowledgment of the written contract was insufficient to admit it to record, as provided by statute, and that its record did not serve to impart constructive notice of the plaintiff's right.

In this court, the appellant argues: First, that the acknowledgment is not fatally defective; and second, that, even if the recording did not impart constructive notice, yet, under the admitted facts and circumstances, the trustee takes no other or greater right in the property than was held by the debtor when he was adjudged a bankrupt.

I. Referring to the objection made in argument to the sufficiency of the acknowledgment, the case presents a somewhat peculiar situation. As will be seen from the preliminary statement, the plaintiff, in its petition, alleges the facts, showing a conditional sale by written bill or contract, and that such instrument "was duly filed for record" in the recorder's office of Black Hawk County; and the defendant, in its answer, formally admits this allegation. Now, an admission that the paper was "duly recorded" would seem to mean neither more nor less than a concession that it was properly recorded, and this necessarily implies an admission that it was in such form, or so executed, as to make it eligible for record; and if so, the question of the sufficiency of constructive notice is not an issue.

1. PLEADING: issues: admissions: "duly recorded."

It is true, as before stated, that in another division of the answer is an allegation that the contract "was improperly recorded," and "was not entitled to record" because of its "faulty and illegal acknowledgment,"

2. PLEADING: issues: conclusion of law: "faulty and illegal acknowledgment."

but there is no statement or specification f the fact or facts constituting the fault or illegality complained of. This is clearly a statement or allegation of a legal conclusion, and raises no issue of fact upon any allegation of the petition (*Plagmann v. City of Davenport,* 181 Iowa 1212), and the sufficiency of the acknowledgment is to be taken as conceded.

II. But even if we assume that the defense has been sufficiently pleaded, we are not persuaded that the objection to the sufficiency of the acknowledgment is well taken. The substance of the objection is that Noftz-

3. SALES: conditional sales: recording acts: acknowledgment.

ger, who made the acknowledgment, was not the vendor, and, therefore, an acknowledgment by him, in his own name, is insufficient; and that, to entitle it to record, the certificate of acknowledgment should have described him as the agent or officer of the American Laundry Machinery Company, and that he asknowledged the execution of the contract to be the voluntary will and deed of such company, as provided in Code Section 2959.

Whether this objection is good depends very much upon the conceded facts as to the relation of Noftzger to the contract of sale. The writing bears the stamped signature of the plaintiff and the written signature of Noftzger. It is admitted that Noftzger was authorized to sell and dispose of the property either in the name of the plaintiff or in his own name, and to enter into contracts of conditional sale accordingly.

This contract is subscribed by both the names of the plaintiff and Noftzger. Whether the name of the plaintiff was attached by Noftzger is not stated in the stipulation; but it is enough, we think, that it is agreed that he had

power and authority to sell, and to make the contract in his own name. Under the admission by the parties, Noftzger was to the purchaser, a principal, a vendor, and not the mere agent of another. In acknowledging the instrument, he did not acknowledge it as the act of the plaintiff nor for the plaintiff, but as his own act and deed; and such is the clear purport of the certificate. If a person goes out with full power to sell and dispose of personal property in his own name, and does sell in that manner, it can hardly be open to question that his bill of sale, or other form of contract made to effect such sale, as between him and the purchaser, is his individual contract, and that the acknowledgment thereof in his own name is all that is needed to make the instrument eligible to record. Under the admitted facts, we are, therefore, disposed to the view that the certificate of acknowledgment was sufficient.

III. That a conditional sale, such as the record here presents, is valid, as between vendor and purchaser, has frequently been held by the court, and is conceded by the appellee. But to be valid as against execution and attaching creditors and purchasers without notice, the sale must be evidenced by a written instrument, acknowledged like conveyances of real estate, and filed for record. Code Section 2906.

4. SALES: conditional sales: recording acts.

It follows, therefore, that, in so far as this case is affected or controlled by our state or local law, the trustee in bankruptcy acquires no right in the property superior to the plaintiff's claim, unless he comes within the description of execution creditor or attaching creditor or purchaser, and took the title of the property in the bankruptcy proceedings without notice of the conditional character of the debtor's title, to which, for the purpose of such proceedings, he succeeded. Concededly, he was not a judgment creditor or attaching creditor. The question remain-

5. BANKRUPTCY: liens and priorities: unrecorded conditional sales.

ing, therefore, is whether he may be classed as a purchaser without notice.

Still confining our attention to the effect of our own statutes in dealing with conditional sales of personal property, it is well settled by the decision of this court in *Warner v. Jameson*, 52 Iowa 70, and many others of that class, that an assignee or trustee in insolvency cases is not a purchaser, in the terms of the statute last above cited, and that a claim of the vendor in a contract of conditional sale is superior to that of the assignee or trustee, even though the written instrument has never been recorded. In other words, the effect of such holdings is that the assignee or trustee in insolvency takes the debtor's estate as he held it, subject to all the liens now lawfully existing thereon.

This proposition, so far as our local law is concerned, is not open to question; but it is the contention of the appellee that this rule does not obtain in the settlement of a bankruptcy estate under the Federal law and practice. In support of this position, special reliance is laid upon the provision found in Section 67a of the Federal Bankruptcy Act (30 Stat. at·L. 564, Ch. 541), as amended by the Act of June 25, 1910 (36 Stat. at L. 842, Ch. 412), which reads as follows:

"a. Claims, which for want of record or for other reasons, would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate."

Following the language above quoted, and connected with the same general subject-matter, is Section 67d, as follows:

"d. Liens given or accepted in good faith and not in contemplation of or in fraud upon this act and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice,

shall, to the extent of such present consideration only, not be affected by this act."

Section 47a also provides that:

"Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

But none of these provisions go to the extent argued by the appellees' counsel. Section 67a does no more than to provide that creditors having no valid liens as against other creditors, at the date when debtor goes into bankruptcy, shall have no lien upon the bankrupt's estate. In other words, the relative positions and relative rights of the individual creditors of the bankrupt, as they exist when the jurisdiction of the Federal Court attaches, are to remain unchanged, and claimants or creditors in whose favor there is then no valid lien as against other creditors, cannot thereafter assert such alleged lien as against the trustee of the bankrupt estate. Section 67d recognizes the validity of liens which have been created in good faith, for a consideration, and which have been duly recorded, if record was necessary to impart notice.

Section 47a defines the nature of the rights which rest in the trustee by virtue of his appointment. As to all property in the custody of the bankruptcy court (and the property in the case at bar comes within that exception), he acquires "the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings therein."

This Section 47a, as above quoted, is part of the Bankruptcy Act of 1898, while Sections 67a and 67d were enacted

in their present form in 1910, and all must be read together, to get the effect of the legislative intent.

Discussing Section 47a, Mr. Collier says, in his work on Bankruptcy (9th Ed.), page 659:

"This language aptly refers to such rights, remedies, and powers as a creditor holding such a lien is entitled to under the law, rather than to the rights, remedies, and powers of a creditor who had actually fastened a lien on the property of the bankrupt estate."

"In other words, the amendment of 1910 simply puts the trustee in his representative capacity in the position of a creditor who has reduced his claim to judgment. Such a creditor, by the settled law, is subject to all latent or secret prior liens or equities in favor of third persons. 23 Cyc. 1377; 2 Freeman on Judgments (4th Ed.), Sec. 368; *Miller v. Albright,* 60 Ohio St. 48 (53 N. E. 490)." *In re S. D. F. & M. Co.,* 208 Fed. 813, 818.

It is true this section gives to the trustee a lien, or the rights of a lien-holding creditor, but it does not profess to affect any existing valid lien. The order of priority of valid liens, if any, including the lien or title of the trustee, remains, as before, a matter for the adjudication of the court, according to the settled rules and principles of law and equity.

When a debtor is adjudged a bankrupt, the court assumes control of his estate, to insure the proper and faithful application of all his assets to the payment of the just claims of his creditors. To that end, the law makes provisions to guard against evasion and fraud by which the debtor may avoid a full and honest disclosure and surrender of his property, or by which one creditor may obtain an unfair advantage or preference over another; but it cannot be presumed that the statement was intended to permit the court or its trustee to subject to the payment of the bankrupt's debts the property of third persons who

are in no way liable therefor, or to deprive any creditor of any valid security which he may hold for the payment of his own claim.

Recurring again to Section 67a of the statute, it will be seen that, as against the trustee, liens claimed by creditors will be disregarded only where, "for want of record or other reasons," such claims "would not have been valid liens against the claims of the creditors of the bankrupt." In other words, this provision does no more than give to the trustee a right to dispute an alleged lien, to the same extent which other creditors could have asserted, had there not been an adjudication of bankruptcy. *Orr v. Kenworthy,* 143 Iowa 6.

So, in Section 67d, the failure to record the claim becomes material only *"if record thereof was necessary* in order to impart notice."

These references to unrecorded liens are doubtless made in recognition of the fact that, under the laws of some states, recording is essential to existence of a "valid lien," especially upon personal property, and in such case it is manifest that the title of the trustee in bankruptcy is not affected by alleged liens of that character. But, as we have seen, under the law of this state, the claim of the vendor upon a contract of conditional sale is not invalid except as against subsequent purchasers and attaching and execution creditors *without notice.*

For the purposes of this case, if we accept the appellees' contention that the trustee, whose appointment bears date twelve days after the debtor was adjudged a bankrupt, became clothed with the rights of a subsequent purchaser or attaching creditor, as of the date of such adjudication, can it be said that he acquired that status without notice of the plaintiff's prior right, with reference to this maturing? In our judgment, the inquiry

6. BANKRUPTCY: liens and priorities: conditional sales: notice of trustee from schedules.

must be answered in the negative. The statute and rules governing bankruptcy proceedings require of the debtor seeking the relief which this law offers, that he shall, at the very threshold of the proceedings, present to the court a complete and detailed statement of all his property and assets, together with a list of his creditors, the amount of debt owed to each, and if secured, how secured.

Assuming that, in this respect, the debtor does his full duty (and there is, in this case, no evidence that he failed in the performance of such duty, in any manner or degree), the court has in its hands, and upon its own record, substantially all the facts which are necessary to enable it and its trustee, when appointed, to liquidate the estate by converting the assets into money and applying it to the satisfaction of the admitted or proved charges and claims against it.

In obedience to the law, the debtor in the present case did, with his petition to be adjudged a bankrupt, lay before the court a schedule of his property, a list of his creditors, the amount owed to each, and the manner in which it was secured, if at all. It disclosed, in unmistakable terms, the nature of the debt to this plaintiff,—that is, that it was a remainder due upon the price of this machinery bought upon a contract of conditional sale. The debtor thereby informed the court that his right or title to the property was not absolute, but qualified and conditional upon the payment of the unpaid portion of the agreed price, to the amount of $1,459.61. Had he done no more than to schedule this property as an asset, and to list plaintiff as a creditor for the stated amount, without explanation or qualification, it may be conceded, for the purposes of this case (without so deciding), that the trustee's title thereafter accruing would have precedence over the plaintiff's claim under the contract; but the debtor having, at the very outset, revealed to the court the true nature and

extent of his property right, and the security held by the plaintiff, such showing became a part of the record of the proceedings, of which the trustee, thereafter appointed, could not be heard to profess ignorance, or to assert a claim superior to the contract of conditional sale, because of the absence of actual or constructive notice. Had there been no proceedings in bankruptcy, and a creditor, having reduced his claim to judgment, had placed an execution for its collection in the sheriff's hands, a levy on the property without notice of plaintiff's claim would, of course, be upheld; but if the officer holding the writ should go to the debtor, and demand that he disclose or turn out property on which a levy could be made, and the debtor should give him a list of his assets available for that purpose, and include therein a certain item of property, together with information that this item is subject to a valid but unrecorded chattel mortgage, or a valid but unrecorded contract of conditional sale, there can be no doubt that, under the laws of this state, the lien of a levy so made would not be preferred to that of the mortgagor or vendor. If, then, we should concede, as argued by his counsel, that the trustee in this case acquired the right or position of advantage which would be held by a judgment creditor under the laws of this state, had the debtor not been adjudicated a bankrupt, we are still led to the same inevitable conclusion: that the trustee's title, under the admitted facts, is subject to the plaintiff's prior right under the contract of conditional sale.

That the question as to what shall constitute notice sufficient to protect the rights of a lienholder against accruing claims is to be determined under the law of the local jurisdiction, has been often held. *York Mfg. Co. v. Cassell,* 201 U. S. 344; *Thompson v. Taggart,* 209 U. S. 385; *Bryant v. Swofford Bros.,* 214 U. S. 279, 290.

Further discussion seems to be unnecessary. Upon

the conceded facts, we hold the plaintiff is entitled to have a prior lien upon the property in controversy established and confirmed. The decree of the trial court must, therefore, be reversed. Plaintiff may have final decree in this court, if it shall so elect within thirty days from the filing of this opinion, and if it fails to exercise such option, the cause will be remanded for the entry of decree by the trial court, in accordance with the views herein expressed.—*Reversed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.