INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellee, v. BENJAMIN PODUSKA et al., Appellants.

No. 40325.

SEPTEMBER 22, 1930.

REHEARING DENIED JANUARY 21, 1931.

*Frank P. Hogan* and *Maurice J. Breen,* for appellant.

*Ine D. Shuttleworth* and *A. J. Shaw,* for appellee.

WAGNER, J.—Benjamin Poduska was a retail dealer, engaged in the hardware and implement business at Pocahontas. The appellee is a corporation, engaged in the business of selling,  at wholesale, farm implements, machinery, tractors, trucks, and other general lines of merchandise pertaining to the operating of farms and construction work. There are involved in this controversy seven conditional sale contracts, three of which were entered into in the autumn of 1926, and the remaining four during the year 1927. The farm machinery, etc., involved in this controversy was sold by the appellee to Poduska under said contracts. The various contracts are denominated in the record a "General Line Contract," a "Sale Contract & Order for Tractors," a "Sale Contract & Order for Special Repair Parts," and a "Sale Contract & Order for Threshers." These contracts provide for the purchase by Poduska from appellee of certain farm implements, machinery, tractors, trucks, and repairs, as provided for in said contracts, and under the terms and conditions as therein mentioned. According to the contracts, the purchaser, Poduska, orders of the company, the appellee, certain goods therein mentioned and described, and requests that the same be shipped to him at Pocahontas, on or about certain dates; and the purchaser agrees to accept delivery of said goods at Pocahontas, receive the same on arrival, pay all freight charges thereon, and settle for the same on the terms and prices designated in the price schedules attached thereto. The contracts provide that the purchaser agrees to pay for the goods in cash, and that, upon the company's request, he shall execute and deliver a bankable note or notes, bearing a named rate of interest, for the purchase price of the goods. Said contracts further provide:

894

"2. The title to all goods shipped under this contract, with the right of repossession for default, is reserved by the company until the purchaser has made full payment in cash for all of said goods and for all notes given therefor. Prior to full settlement in cash the purchaser shall have no right to sell or dispose of any goods delivered hereunder except for value received in the ordinary course of trade and upon the express condition that prior to the delivery of any of said goods to a customer, the purchaser shall secure from said customer a full settlement in cash or good and bankable notes and that the proceeds of all resales shall be considered the property of the company in lieu of the goods so sold and be held in trust for it and subject to its order, as provided in Paragraph four hereof, until all sums due under this contract have been fully paid. At any time on request the purchaser will give the company's representatives full information regarding goods on hand, goods sold and the proceeds thereof, to enable it to ascertain and enforce its reserved rights under this clause. Nothing herein shall release the purchaser from payment for all goods ordered and delivered hereunder and after delivery to him said goods shall be held at his risk and expense in respect to loss or damage from any cause and taxes and charges of every kind." * * *

"4. Upon request of the company at any time the purchaser agrees to turn over, endorse and assign to the company a quantity of customers' notes or, if notes are not available, then customers' accounts sufficient to fully cover and secure all indebtedness of the purchaser hereunder, such notes and accounts to be held as collateral security to said indebtedness. Payment of said customers' notes and accounts at maturity is guaranteed by the purchaser and presentation, demand, protest, notice of protest and diligence are waived both as to makers and endorsers. In case of default in payment of any of said collateral notes or accounts, the purchaser agrees to remit cash for full amount of same together with interest and collection charges within 15 days after maturity. All collections on collateral notes or accounts are to be credited on the note or notes or account of the purchaser first becoming due. On payment of purchaser's indebtedness in full all collateral notes or accounts remaining in possession of the company are to be returned."

Each contract provides that, in addition to the goods "now

ordered," all goods hereafter shipped to the purchaser, Poduska, "shall be considered as sold under this contract and subject to all of its conditions, except as different prices or terms have been, or may be, agreed upon at the time, and the company reserves the right to reject any orders for additional goods, or to change the prices and terms applicable thereto."

On May 28, 1928, Poduska made an assignment for the benefit of his creditors, in accordance with the provisions of Chapter 550 of the Code, 1927. The assignee, Mackovets, took possession of all of the assignor's property, and also of that in question. On June 7, 1928, this action in replevin was instituted by the plaintiff, and the goods in question were seized, under the writ of replevin, and delivered to the plaintiff. The assignee appeared in this action, and in his answer averred that he had taken possession of the property and was holding it in his custody at the time of the commencement of the action, and that the property was bought on open account, under and by virtue of the terms and conditions of conditional sale contracts, under which the plaintiff claimed the right of possession.

On September 24, 1928, Poduska filed a voluntary petition in bankruptcy, and was on said date adjudged a bankrupt. The defendant Gustlin is the duly authorized, acting, and qualified trustee in bankruptcy of the estate of the bankrupt, and he has been substituted for the assignee as party defendant, and filed an answer. Upon trial, the court found for the plaintiff, and rendered judgment accordingly, from which judgment the trustee in bankruptcy appeals. The various contentions of the appellant will be noted as we proceed.

Prior to the execution of the deed of assignment, the contracts were filed and recorded in the recorder's office, as required by Section 10016 of the Code, 1927. It is contended by the appellant that, because of claimed defective acknowledgments to the instruments by the appellee, and before an improper officer, the same and the record thereof do not afford constructive notice. For reasons hereinafter given, we find it unnecessary to pass upon this proposition.

It is contended by the appellant that the assignee, Mackovets, took the property free from the claim of the appellee. This contention is devoid of merit. It is provided by Section 10016, Code, 1927, that no contract wherein the transfer of title or

ownership of personal property is made to depend upon any condition *shall be valid against any creditor or purchaser of the vendee* in actual possession obtained in pursuance thereof without notice, unless the same be in writing, executed by the vendor and vendee, acknowledged by the vendor or vendee, and recorded or filed, etc. This statute does not declare the sale or contract to be invalid as between the parties. The assignee, Mackovets, stood in the shoes, and only succeeded to the rights, of the assignor, Poduska. It is the repeated pronouncement of this court that the assignee for the benefit of the creditors of the assignor is neither a purchaser nor a creditor, within the meaning of the statute. He cannot be deemed a purchaser for value, as he paid nothing for the property. The word ''creditor,'' as used in the statute, means one who has obtained a lien, as by attachment, execution, or otherwise, upon the property, before notice, actual or constructive, of the conditional contract of sale. In support of these propositions see *Warner v. Jameson,* 52 Iowa 70; *In re Assignment of Wise,* 121 Iowa 359; *Gluck Co. v. Therme,* 154 Iowa 201; *In re Assignment of Jenks,* 129 Iowa 139; *Murphy v. Murphy & Co.,* 126 Iowa 57; *Orr v. Kenworthy,* 143 Iowa 6; *In re Assignment of Cuddy,* 146 Iowa 250; *American Ldry. Mach. Co. v. Everybody's Ldry.,* 185 Iowa 760; *In re C. J. Gelatt & Son,* 24 Fed. (2d. Ser.) 215; *Emerson-Brantingham Implement Co. v. Lawson,* 237 Fed. 877; *Myer v. Car Co.,* 102 U. S. 1 (26 L. Ed. 59) ; *Nauman Co. v. Bradshaw,* 113 C. C. A. 274 (193 Fed. 350). It is therefore apparent that, in accord with our previous holdings, as between the appellee and the assignee, Mackovets, the rights of the assignee are no greater or better than the rights of the assignor, Poduska, at the time of the assignment. Thus it is seen that the rights of the trustee are in no way aided because of the deed of assignment, as claimed by the appellant. The assignor could not, by a deed of assignment, convey the appellee's property to his assignee for the benefit of his (the assignor's) general creditors. The deed of assignment operates only on the property of the assignor, and not upon the property of the appellee. Since, under our holdings, the assignee is neither a purchaser nor a creditor, within the meaning of the law, and succeeds only to the rights of his assignor, as between appellee and the assignee, the question as to whether the contracts were properly acknowl-

edged and filed, or recorded so as to afford constructive notice thereof, becomes wholly immaterial.

The appellant urges that the description of the property in the conditional sale contracts is insufficient. It is enough to say that the description is amply sufficient as between the parties to the contracts, and as between the appellee and one whose rights are not shown to be superior to those of the vendee. See *American Ldry. Mach. Co. v. Everybody's Ldry.*, 185 Iowa 760; *Kelley, Maus & Co. v. Andrews*, 102 Iowa 119. No one but creditors having a lien upon the property, or subsequent purchasers without notice, can object to the insufficiency of the description. See *Swayne v. Tillotson*, 148 Iowa 501.

The court, in his findings of fact, found that the purchases by Poduska subsequent to the time of the execution of the contracts were made under and came within the terms and provisions of the contracts. The evidence introduced upon this question amply sustains the findings of the trial court. The goods delivered under subsequent orders were all treated the same as goods that were specified in the written contracts themselves, and the contracts provide that subsequent purchases shipped by the appellee to Poduska should be considered as sold thereunder and subject to their conditions, etc. The trial court found that the goods which were taken by the appellee under the writ of replevin were all goods that were sold by the appellee to Poduska under the terms and conditions of the contracts. This finding of fact is substantiated by the evidence. The appellant's complaints in these respects are devoid of merit.

The evidence establishes the fact that Poduska is indebted for the goods sold in excess of $8,500. Each contract provides that the title to all goods shipped under the contract, with the right of repossession for default, is reserved by the company until the purchaser has made full payment in cash for all of said goods and for all notes given therefor, and that all goods hereafter shipped to the purchaser shall be considered as sold under the contract, and subject to all of its conditions. The plain and unambiguous meaning of the reservation of title clause contained in each of said contracts is that the title to all goods described therein or shipped under subsequent orders, with the right of repossession for default, is reserved by the company until the purchaser has made full payment in cash for all of said goods

and for all notes given therefor. Poduska is indebted to the appellee under said contracts. It is quite clear that the plaintiff is entitled to the possession of the goods replevined, unless it be for matters hereinafter considered.

It is contended by appellant that, since the contracts gave to Poduska, the retailer, the right to sell the goods in the ordinary course of trade, this nullified the title reservation clause,  and that the title to the goods passed to Poduska, regardless of the reservation of the title in the appellee until the goods were paid for. In *Moline Plow Co. v. Braden,* 71 Iowa 141, the contract provided:

"* * * 'that the ownership of all goods furnished on this contract, or their proceeds, shall be vested in Moline Plow Company until final settlement and payment shall be made for the same.' "

We there said:

"Under the pleadings, it becomes material to inquire and determine what are the rights of the parties under the contract, and what is the character and legal effect of such instrument. It is and must be regarded as a conditional sale of at least a large portion of the property in controversy; the condition being that the ownership of the property should not vest in the defendant until it was paid for. Until then, the contract provides the property shall belong to the plaintiff."

In *Gluck Co. v. Therme,* 154 Iowa 201, the testimony tended to show that the goods in controversy were purchased or ordered from the plaintiff and shipped to the drug company (the purchaser), with the agreement or understanding that the company was contemplating a change of location for its business, and that, if such change was made, thereby invalidating the purchaser's liquor permit, said goods were to be considered the property of the plaintiff. The goods were sold for the purpose of sale; they were not paid for. We there said:

"As between buyer and seller of personal property, an agreement that the title shall remain in the latter until the purchase price is paid is valid (*Bailey v. Harris,* 8 Iowa 331; *Moseley & Bro. v. Shattuck,* 43 Iowa 540), and it may be en-

forced, except as against creditors and purchasers without notice."

The view of the courts of many other jurisdictions, as expressed in the authorities, is that a provision in the contract giving the purchaser the right to resell in the ordinary course of trade does not convert a contract of conditional sale, in which the title to the goods is reserved in the vendor until paid for, into an absolute sale, and especially so where, as in the instant case, the contract contains the stipulation that the proceeds of sales made by the vendee shall be considered the property of the company, in lieu of the goods sold. In other words, the right given to the purchaser to sell in the ordinary course of trade does not nullify the condition by which the title is reserved in the seller, in so far as the goods remaining unsold by the vendee are concerned; and as to said goods remaining unsold and in the possession of the vendee, the vendor remains the owner, as per the express agreement of the parties to the contract. See *Bryant v. Swofford Bros. Dry Goods Co.*, 214 U. S. 279 (53 L. Ed. 997); *Flint Wagon Works v. Maloney*, 3 Boyce (Del.) 137 (81 Atl. 502); *Andre v. Murray*, 179 Ind. 576 (101 N. E. 81, Ann. Cas. 1916A 87); *F. J. Dewes Brew. Co. v. Merritt*, 82 Mich. 198 (46 N. W. 379); *John Deere Plow Co. v. Edgar Farmer Store Co.*, 154 Wis. 490 (143 N. W. 194); *Bradley, Clark & Co. v. Benson*, 93 Minn. 91 (100 N. W. 670); *Armington v. Houston*, 38 Vt. 448 (91 Am. Dec. 366); *Praeger v. Emerson-Brantingham Implement Co.*, 122 Md. 303 (89 Atl. 501, Ann. Cas. 1916A 1255); *S. Hirsch & Co. v. Steele*, 10 Utah 18 (36 Pac. 49); *In re C. J. Gelatt & Son*, 24 Fed. (2d Ser.) 215. It will be conceded that a purchaser at retail from the vendee would obtain title as against the vendor in the contract; but, as per the contract, the proceeds of the sale are held by the contract purchaser as the property of the contract seller, in lieu of the goods sold. We have no question as between the appellee and a purchaser at retail from Poduska. The question presented is: What are the rights as between the appellee and Poduska relative to the goods in the hands of Poduska and remaining unsold? We hold against the contention of the appellant, and that the contract is a conditional sale contract, and that the title to said goods remaining unsold is in the appellee, until the goods sold by the

appellee under the contract and subsequent orders have been paid for.

As hereinbefore stated, Poduska's petition in bankruptcy was filed September 24, 1928. The rights of the trustee are determined with reference to the conditions existing at that date. *Bailey v. Baker Ice Mach. Co.*, 239 U. S. 268 (60 L. Ed. 275). The trustee is neither a purchaser nor a creditor. See *American Ldry. Mach. Co. v. Everybody's Ldry.*, 185 Iowa 760. At that time, the property in question was not in the possession of Poduska nor that of his assignee, but had been seized under the writ of replevin, and delivered to, and was in the possession of, the appellee, claiming title thereto. Therefore, the trustee had actual notice of the rights and claims of the appellee. The appellant contends that, by reason of the amendment to the Bankruptcy Law of 1910 (Title 11, United States Code Annotated, Section 75), he is entitled to the possession of the goods. This amendment provides:

"* * * and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied * * *."

The property involved in this litigation has never come into the possession of the trustee nor into the custody of the bankruptcy court. If it could be said to have come into the possession of the bankruptcy court, the trustee acquired no greater rights therein than those which would be acquired by creditors who, on the day that the petition in bankruptcy was filed, secured a lien, by attachment or otherwise. See *Emerson-Brantingham Implement Co. v. Lawson*, 237 Fed. 877; *Bailey v. Baker Ice Mach. Co.*, 239 U. S. 268 (60 L. Ed. 275). Because of the actual notice afforded by the possession of the goods by the appellee under the writ of replevin, neither the trustee nor any such creditors had any rights at that time to the property, superior to the right of the bankrupt. It is quite clear that the rights

of the trustee, under said amendment, are only those of a judgment creditor holding an execution duly returned unsatisfied, as provided for in the latter part of the aforesaid amendment. No such rights are involved in the issues in this case. The trustee claims no preference by Poduska and no fraud. In so far as the issues in this case are concerned, the trustee stands in the shoes of Poduska.

The appellant makes some complaints as to the rulings of the court on the introduction of evidence, which have had our consideration, and we find no error.

We have carefully considered all complaints made by the appellant against the findings and judgment of the court, and find no error. The judgment of the trial court is hereby affirmed. —*Affirmed*.

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.