DAVIDSON COMPANY, Appellee, v. LESLIE E. FRANCIS et al., Appellants.

No. 41218.

JUNE 24, 1932.

REHEARING DENIED SEPTEMBER 23, 1932.

· Leslie E. Francis and Francis, Maley, Witmer & Todd, for appellants.

R. R. Nesbitt and J. A. Ralls, for appellee.

STEVENS, J.—This is an action in equity to establish and foreclose the lien of a series of conditional bills of sale numbering in all seventeen upon a quantity of furniture and other merchandise suitable for use in apartments, which was sold on various dates by appellee to one W. R. Aplin and by him installed in the Coronado Apartments located in the city of Des Moines. The items of the account which are not in dispute represent sales over a period from March 17, 1923, to 1929. All of the merchandise was sold to be paid on monthly installments. The installments were paid until some time in 1927, when Aplin defaulted in making the payments. This resulted in the arrangement by which the appellee May E. Francis took over the apartments, together with the furniture and merchandise referred to herein. From this time forward, the monthly installments were made by Mrs. Francis until this controversy arose. Refusing to make further payment, this action followed.

It is contended by appellee that the appellant L. E. Francis promised and agreed absolutely for a consideration to pay the

balance due appellee on the account. This is stoutly denied by him. The principal defense urged by appellants is that the lien of the several conditional bills of sale was prior to the commencement of this action fully satisfied and discharged. The district court found in favor of the appellant Leslie E. Francis and against the claim of appellee that he assumed and agreed to pay the balance due on the account. No claim was made that Mrs. Francis assumed and agreed to pay the claim. No appeal has been taken from this finding and judgment of the court. We have read the evidence on this point and are satisfied with the court's finding thereon.

There is left for decision, however, the question as to the alleged lien of the several bills of sale upon the property in controversy. It is conceded by appellants that there is a balance of $601.46, with interest thereon since the date of the judgment below, due appellee on the amount as found by the district court. Each of the conditional bills of sale provided that "future purchases made by vendee and goods received by vendee in exchange are taken under the conditions of this contract and title to any such goods is to remain in S. Davidson & Bros. Inc. until fully paid for, with interest and costs of collection."

It is pointed out in the evidence that numerous items of the account are not included, or described, in any of the conditional bills of sale. A lien is, however, claimed thereon under and by virtue of the above provision of the contract. The right to a lien upon items of the account not specifically included or described in some one or more of the conditional bills of sale is denied by appellant. The merchandise specifically described in the bills of sale is not in controversy.

The question arising at this point is not an open one in this state. A similar provision in a conditional sales contract was before us in International Harvester Co. v. Poduska, 211 Iowa 892. The authorities are there reviewed in the opinion, and the conclusion reached was that the provision of the contract is valid and binding and that it covered all subsequent sales as fully as though the same had been specifically described therein. Thus, it follows that subsequent items of the account not specifically described in the conditional bills of sale are, by reason of the terms of the contract, nevertheless included in the lien thereof.

It appears, however, that the date of the first conditional

sales contract introduced in evidence is December 30, 1925. It also appears that of the merchandise in question the same to the amount of $749.78 was sold by appellee to Aplin prior to the date of the above bill of sale. An itemized account was attached to appellee's petition. It appears therefrom that on October 4, 1926, the account was charged with the balance due on the original account of $342.35. By the original account is meant the items sold prior to December 30, 1925. Payments in the aggregate amount of $635.59 appear to have been made upon what we have designated as the original account. The balance of $342.35 is obtained by deducting the payments thus made from the total amount of the sales indicated on the full account. A lien could not be acquired in this manner simply by debiting the account after one or more conditional bills of sale had been executed. The instrument is not retroactive in character, but is designed to cover prospective sales only. The total amount of sales for which appellee had no lien, by this method of computation entered into the account and is represented in the balance due. The items aggregating $749.78 for which appellee had no lien should not have been included therein. The amount thus improperly included in the account exceeds the balance due. Thus considered, it is clear that the payments already made should be held to have satisfied and discharged the lien. In other words, the payments already made are in the aggregate greater than the whole sum for which appellee had a lien. The petition is on the account, and asks the foreclosure of the several conditional bills of sale. No other equitable issue is presented. There is nothing in the record tending to show to what items of the account the payments made were applied. We must assume that they were simply credited upon the account. As the payments already made exceed the amount for which appellee was entitled to claim a lien upon the merchandise, it must follow that the decree below is erroneous. If the parties elect, a decree in harmony with the foregoing opinion may be entered in this court.—Reversed.

All justices concur.